NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT DWIGHT HICKMAN, | No. CV 06-2990-PHX-GMS |
| Petitioner, | **ORDER** |
| vs. | |
| CHARLES L. RYAN; *et al.*, | |
| Respondents. | |

Pending before the Court is the Petition for Writ of Habeas Corpus of Petitioner Robert Dwight Hickman ("Petitioner"), filed pursuant to 28 U.S.C. § 2254. (Dkt. # 1.) On August 28, 2009, Magistrate Judge Hector C. Estrada issued a Report and Recommendation ("R & R") recommending that the Court dismiss the Petition in part and deny the remainder of the Petition. (Dkt. # 33.) Petitioner filed Written Objections to the R & R, on October 16, 2009. (Dkt. # 36.) For the following reasons, the Court adopts the R & R and dismisses the Petition with prejudice.

**BACKGROUND**

On May 4, 1999, Petitioner was found guilty on three counts of sexual exploitation of a minor. Pursuant to his convictions, the trial court sentenced Petitioner to three consecutive sentences totaling fifty-one years. The R & R sets forth the factual and

procedural background of this case, to which neither party offered specific objections.[1] Accordingly, the Court adopts that background as an accurate recital.

In his Petition for Writ of Habeas Corpus, Petitioner raised six grounds for relief. He claims that his conviction or sentence violates the following federal rights and protections:

(1) Petitioner's Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated because the government used and introduced evidence in state court that was obtained from a "warrantless investigatory search and seizure of closed and labeled storage container in government workplace [where Petitioner] had reasonable expectation of privacy" (Ground I);

(2) Petitioner's rights were violated under 40 U.S.C. § 255, which gives the federal government exclusive jurisdiction over certain federally-acquired lands—Petitioner claims that the state's failure to comply with § 255 also violated his due process rights under the Fifth, Sixth, and Fourteenth Amendments (Ground II);

(3) Petitioner's First, Fifth, Sixth, and Fourteenth Amendment free speech and due process rights were violated because the state was not required to "disclose and prove beyond a reasonable doubt all elements of [the] charged offen[s]e" (Ground III);

(4) Petitioner's Fifth, Sixth and Fourteenth Amendment due process rights to "fair and impartial trial proceedings" were violated because the state engaged in "prosecutorial misconduct . . . and reversible plain error" (Ground IV);

(5) Petitioner's Fifth, Sixth, and Fourteenth Amendment right to effective assistance of trial counsel were violated (Ground V);

(6) Petitioner's Fifth, Sixth, and Fourteenth Amendment "due process rights" and the "right to effective assistance of counsel on direct appeal" were violated (Ground VI).

(Dkt. # 1.) Many of these Grounds for relief contain several sub-claims upon which Petitioner also seeks relief. (*See id.*)

In his R & R, Judge Estrada found that several of Petitioner's claims were technically exhausted, but procedurally defaulted. (*See generally* Dkt. # 33.) Additionally, he found that Petitioner could not demonstrate cause and prejudice or a fundamental miscarriage of justice

---

[1]While Petitioner does object to Judge Estrada's reliance on the state courts' findings of fact, none of those objections involve facts presented in the factual and procedural background section of the R & R. Petitioner's objections to the state courts' factual findings are discussed in detail below.

sufficient to overcome the procedural bar on those claims. (*See* Dkt. # 33.) Judge Estrada further determined that some of Petitioner's claims were not cognizable as grounds for habeas relief.[2] He then addressed the merits of Petitioner's remaining claims and found that Petitioner was not entitled to relief. Accordingly, he recommended that the Petition be denied.

## STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *Schmidt v. Johnstone*, 263 F. Supp.2d 1219, 1226 (D. Ariz. 2003). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [R & R] to which objection is made.").

## DISCUSSION

On October 16, 2009, Petitioner timely asserted several objections to Judge Estrada's R & R. (Dkt. # 36.) Although these objections are not numbered or organized by headings, the Court has examined Petitioner's objections as contained in his "Written Objections to the Magistrates (sic) Report and Recommendation." (Dkt. # 36.) As far as the Court can discern from these sixty-four handwritten pages, Petitioner has asserted twenty-four objections to the

---

[2]Judge Estrada found that Petitioner's claims arising under the Fifth Amendment's due process clause were not cognizable in this case because the Fifth Amendment protects against deprivations of due process by federal actors rather than state actors. *See Castillo v. McFadden*, 399 F.3d 993, 1002 n. 5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government form depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several states."). In this case, Petitioner was convicted in state court and his alleged constitutional violations were committed by state officials. Petitioner does not object to the R & R's findings with respect to his Fifth Amendment claims.

R & R. Some of these objections are broadly directed at the R & R as a whole, or at least large portions of the R & R. Petitioner's other objections are specific to his individual habeas claims. Pursuant to 28 U.S.C. § 636(b)(I), the Court now turns to Petitioner's objections for *de novo* review.

## I. Objections to the R & R as a Whole

### A. State Court Findings of Fact

As a preliminary matter, Petitioner objects "to any deference to state habeas court's fact-findings supporting summary dismissal of the claims now before the court" (Objection # 1). (Dkt. # 36 at 8.) Here, Petitioner apparently objects to Judge Estrada's decision to credit findings of fact that were articulated in the state trial court's order denying Petitioner's application for post-conviction relief. (*See id.*; Dkt # 21, Ex. DDD.) Petitioner avers that "no presumption of correctness should apply as the findings were based on [an] unreasonable determination of facts and are contrary to . . . Supreme Court precedent." (*Id.*)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state court findings of fact are given considerable deference. *See* 28 U.S.C. § 2254(d)(2). "A federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004) *cert denied* 543 U.S. 1038 (2004) (internal citation omitted). A state court decision is based on an unreasonable determination of the facts if "an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding[s] [are] supported by the record." *See id.* at 1000. "[M]ere doubt as to the adequacy of the state court's findings of fact is insufficient." *Lambert*, 393 F.3d 943, 972 (9th Cir. 2004). The habeas court presumes that the state court's factual determinations are correct, and petitioner bears the burden of rebutting this presumption by clear and convincing evidence 28 U.S.C. § 2254(e)(1) (stating that "a determination of factual issues made by a [s]tate court shall be presumed to be correct" and observing that "the applicant shall have the burden of rebutting the presumption

of correctness by clear and convincing evidence"); *Williams v. Rhoades*, 354 F.3d 1101, 1106 (9th Cir. 2004).

Judge Estrada did not err by crediting facts from the state court's order denying post-conviction relief. First, Petitioner did not raise this issue in his Petition, and it was not discussed in the R & R. To the extent he attempts to raise this issue for the first time in his Objections, the Court declines to consider it on the merits because this claim has not been fairly presented for adjudication. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (holding that district courts need not consider claims raised for the first time as an objection to the a magistrate judge's findings and recommendation) (citation omitted).

In addition, Petitioner's objection fails on the merits. Contrary to Petitioner's conclusory assertion that these findings are unreasonable, the state court's factual findings are supported by the record. Furthermore, Petitioner does not indicate which facts from the state court's order are incorrect, nor does he provide any citations to the record that support another version of the facts; therefore, he fails to carry his burden of demonstrating by clear and convincing evidence that the state court's findings of fact are erroneous . (*See id.*) Because the disputed facts are well supported by the record, it cannot be said that the state courts' factual findings are questionable, let alone unreasonable.

**B. Broad Objection to the Procedural Bar**[3]

Petitioner also broadly "objects to the Magistrate's determination" that Petitioner fails to demonstrate "cause" sufficient to excuse the procedural default of his claims (Objection # 2). (*See* Dkt. # 33 at 20 n. 7, 36 n. 13.) Instead, Petitioner argues that each of his procedurally-defaulted claims should be addressed on the merits because he was incapable

---

[3]Petitioner does not rely exclusively on this objection to overcome the procedural bar. Throughout his Written Objections, Petitioner also objects to Judge Estrada's determination that certain claims are barred. Petitioner's other objections to the procedural bar are discussed below in the Court's analysis of Petitioner's objections that are specific to his individual habeas claims.

of properly raising his federal claims in state court because he is a *pro se* prisoner without legal knowledge or education. (*See* Dkt. # 36 at 6.)

Under AEDPA, a federal court may only grant federal habeas relief on the merits of a claim which has been properly exhausted in the state courts. 28 U.S.C. § 2254(b). To properly exhaust a federal habeas claim, the petitioner must afford the state an opportunity to rule upon the merits of the claim by "fairly present[ing]" the claim to the state's highest court in a procedurally correct manner. *See, e.g.*, *Castille v. Peoples,* 489 U.S. 346, 351 (1989). Procedural default occurs when a petitioner has never presented the subject of a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and claim preclusion. *See Castille*, 489 U.S. at 351–52; *Tacho v. Martinez*, 862 F.2d 1376, 1378 (9th Cir. 1988). Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. *See, e.g., Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991); *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Ellis v. Armenakis*, 222 F.3d 627, 632 (9th Cir. 2000).

In the event of a procedural default, federal habeas review of a claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke,* 541 U.S. at 393–94. "To demonstrate cause, a petitioner must show that some objective factor external to the defense impeded [petitioner's] efforts to raise the claim in state court." *Bonin v. Calderon*, 77 F.3d 1155, 1158 (9th Cir. 1996) (citations omitted), *cert. denied*, 516 U.S. 1143 (1996). "Prejudice is actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1992) (internal quotation omitted). To prove a fundamental miscarriage of justice, petitioner must make a factual showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 322–23 (1995).

In the R & R, Judge Estrada determined that Petitioner's status as a *pro se* inmate and his lack of knowledge about the law is insufficient to demonstrate cause. *See, e.g.*, *Tacho*, 862 F.2d at 1381 (holding that a *pro se* petitioner's arguments about reliance "upon incompetent 'jailhouse lawyers' do[es] not constitute cause"); *Hughes v. Idaho State Bd. of*

*Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (holding that a petitioner's illiteracy and lack of help in appealing post-conviction petition were insufficient to meet the cause standard).

Petitioner, however, takes issue with these cases because they were issued before Congress enacted AEDPA. (Dkt. # 36 at 7.) Specifically, Petitioner argues that *Tacho* and *Hughes* do not apply to him because these cases do not contemplate AEDPA's "hyper-technical procedural requirements." (*Id.*) There is nothing, however, to suggest that AEDPA altered the analysis employed in these cases. *See Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999); *see also Souch v. Harkins*, 21 F. Supp.2d 1083, 1087–88 (D. Ariz. 1998) (observing that when it enacted AEDPA, Congress was aware of an extensive body of law governing federal courts' analysis of procedural default and reasoning that if Congress had sought to alter this legal landscape, it would have made clear its intent to do so). Indeed, post-AEDPA, federal courts have consistently held that a petitioner's *pro se* status is not cause sufficient to overcome a procedural default. *See, e.g.*, *Date v. Schriro*, 619 F. Supp.2d 736, 794 (D. Ariz. 2008).

Furthermore, it is unclear how Petitioner's status as a *pro se* prisoner prevented him from fairly asserting his federal claims in state court. While Petitioner asserts that his status as a *pro se* litigant impeded him from providing citations to federal law, this assertion is contradicted by the record. Review of Petitioner's state court filings indicate that Petitioner had no trouble citing both state and federal case law, statutes, Arizona Rules of Professional conduct, as well as provisions of the Arizona Constitution and the United States Constitution. (*See* Dkt. # 21, Ex. ZZ.) The claims that Petitioner did raise in state court also demonstrate that Petitioner was aware at that time of the factual basis for the federal claims he now raises. (*See id.*) Accordingly, Petitioner fails to demonstrate how his choice to raise some federal claims before the state court, but not others, was caused by some objective factor "external to his defense." *See Bonin*, 77 F.3d at 1158.

/ / /

## II. Ground I Objections

With respect to Petitioner's claims in Ground I, Judge Estrada recommended that Petitioner's constitutional claims were procedurally barred or without merit. (*See* Dkt. # 33 at 16–31.) In Ground I, Petitioner argues that his constitutional rights were violated because evidence used against him at trial was the product of an illegal government search. (Dkt. # 1 at 5.) Petitioner further argues that both his trial and appellate attorney rendered ineffective assistance of counsel because they failed or refused to raise this argument on trial and on appeal. (*Id.* at 7.) In the R & R, Judge Estrada determined that Petitioner's claim of an illegal search was procedurally defaulted. (Dkt. # 33 at 17.) Judge Estrada then determined that Petitioner's counsel was not constitutionally ineffective. (*Id.* at 22.) Petitioner, however, objects to both of these determinations. Upon review, the Court agrees with the R & R.

### A. Procedural Bar as Applied to Ground I

Petitioner specifically objects to the R & R's determination that his claim of an illegal warrantless search is procedurally defaulted (Objection # 3). (Dkt. # 36 at 11.) Instead, Petitioner argues that his appellate counsel's ineffectiveness demonstrates sufficient cause to overcome the default. (*Id.*) Petitioner further asserts, "[T]he Magistrate [Judge] . . . seems to ignore counsel's admission to involuntary waiver of Petitioner's claims for the entire [three] year period while representing him on direct appeal (sic)." (*Id.*) This objection, however is unfounded because Petitioner's allegations establish no more than counsel's failure or refusal to raise a meritless claim.

Ineffective assistance of counsel may constitute sufficient cause to excuse a default. *"only if the procedural default was a result of an independent constitutional violation." Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008). An error by defense counsel constitutes cause excusing a procedural default only when counsel's performance is constitutionally ineffective under the Supreme Court's standard laid out in *Strickland v. Washington*, 466 U.S. 558 (1984). *Cook*, 538 F.3d at 1028. To establish that trial counsel was ineffective under *Strickland*, a petitioner must show: (1) that counsel's performance was deficient; and (2) that counsel's performance prejudiced the petitioner's defense. *Strickland*, 466 U.S. at 692.

Here, Petitioner's objection fails because his appellate counsel's refusal to raise the illegal search claim does not constitute an independent constitutional violation under *Strickland*. As discussed in the next section, Petitioner's claim that he was convicted based on evidence obtained from an illegal warrantless search is without merit. Appellate counsel's failure to raise a meritless claim did not prejudice Petitioner's defense. *See Strickland*, 466 U.S. at 692; *See also Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) *cert. denied*, 493 U.S. 869 (1989)); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985 (failure to raise a meritless argument does not constitute ineffective assistance) (citing *Cooper v. Fitzharris*, 551 F.2d 1162, 1166 (9th Cir. 1977)). Hence, Petitioner fails to demonstrate cause to overcome the procedural default as his appellate attorney was not ineffective for refusing or failing to raise Petitioner's meritless claim.

**B. Ground I Ineffective Assistance of Counsel Claim**

Petitioner likewise objects to Judge Estrada's determination that Petitioner's Ground I claim for ineffective assistance of counsel claim is without merit. (*See* Dkt. # 36 at 12.) The Court, however, agrees with Judge Estrada's determination that Petitioner's ineffective assistance of counsel claim is meritless as there was nothing unconstitutional about the underlying intrusion into Petitioner's government workspace that resulted in discovery of child pornography on a diskette discovered in Petitioner's shared office space at the Naval Reserve Center in Phoenix, Arizona.

As a threshold matter, Petitioner objects to the R & R's determination that Petitioner had no privacy interest in the diskette in the first place (Objection # 4). (Dkt. # 36 at 12.) Petitioner asserts that he had a privacy interest in the files contained on the diskette because it was located in a folder in his shared government office. With respect to Petitioner's privacy interest in the disk, however, the Court agrees with Judge Estrada's analysis in the R & R: "[I]t stretches credulity that Petitioner had an actual expectation of privacy in the folder, containing a letter addressed to him and a diskette indicating its contents were images or pictures, placed in a joint use area where computer software was stored." (Dkt. # 33 at 27.)

Nevertheless, even if Petitioner did have a privacy interest in the contents of the disk, his government-employer's intrusion on that interest without a search warrant was not unconstitutional. In the context of public-employers, the Supreme Court has held that "special needs, beyond the normal need for law enforcement make the . . . probable-cause requirement impracticable." *O'Connor v. Ortega*, 480 U.S. 709, 725 (1987) (internal quotation and citation omitted). Instead, the Supreme Court observed that "public employer intrusions on the constitutionally protected privacy interests of government employees for noninvestigatory, work-related purposes, as well as for investigations of work-related misconduct, should be judged by the standard of reasonableness under the circumstances." *Id.* Thus, in the context of public employees, an investigation conducted to gather evidence of a criminal offense requires probable cause, but an investigation into work-related misconduct is permitted if it is reasonable. *Id.* at 724. Under *O'Connor*, courts are required to apply a two-part reasonableness standard to determine whether the public-employer intrusion constitutes an improper search and seizure: (1) "the action" must be "justified at its inception," and (2) the search as actually conducted must be "reasonably related in scope to the circumstances which justified the interference in the first place." *Id.* at 726 (internal quotation and citation omitted).

Under the first part of the *O'Connor* reasonableness test, the naval officers' action was justified at its inception. Naval personnel came across links to adult web sites on Petitioner's office computer when they were conducting a routine software update and needed to access the Internet to get technical information from a Navy web site. The very next day, the same Naval personnel were looking for software driver diskettes in a joint use area when they came a across a folder containing a letter addressed to Petitioner as well as a diskette with "JPG" written on it—it was later determined that the diskette contained child pornography. None of these actions indicate that Navy personnel were looking for evidence of criminal conduct; instead it is clear that the Navy officers were routinely going about their job in a shared office space when they discovered the link to the adult website and the diskette which,

based on the label, contained picture files. In fact, in his Objections, Petitioner "concedes that the initial intrusion . . . was justified at its inception." (Dkt. # 36 at 15.)

Second, even assuming there was a privacy interest, the Navy's intrusion on that interest was "reasonably related in scope to the circumstances which justified the interference in the first place." *See O'Connor*, 480 U.S. at 726. Here, Petitioner objects to Judge Estrada's determination that naval authorities had the right to inspect and search the contents of the software diskette upon which they found child pornography (Objection # 5). (Dkt. # 36 at 18.) Petitioner appears to argue that the Naval officials exceeded the circumstances which justified the initial interference into Petitioner's privacy interest because the officials were looking to gather evidence of criminal activity rather than to determine whether Petitioner had engaged in work-related misconduct.

Petitioner's objection, however, is without merit because there is no evidence that Naval personnel looked at the files on the diskette to "gather evidence of a criminal offense." *See O'Connor*, 480 U.S. at 724. Instead, all of the evidence indicates that the Navy was protecting its interest in maintaining a harassment-free government workplace. Once the Naval officers determined that Petitioner might have accessed adult pornography on his office computer, they also had reasonable grounds to believe that Petitioner's diskette labeled "JPG" might also contain pornographic images. In his Written Objections, Petitioner specifically acknowledges that naval authorities were looking "for evidence that Petitioner accessed *adult* pornography," i.e. evidence of workplace misconduct rather than of a criminal offense, when they opened the files on the diskette. (Dkt. # 36 at 17 (emphasis added).) Moreover, the Navy did not even suspect criminal activity, let alone attempt to gather evidence to aid in a criminal prosecution, until *after* the officers viewed the files the on the diskette. Once the Navy officers viewed the diskette and discovered evidence of child pornography, this alerted them to possible criminal conduct. Very soon thereafter, they obtained a warrant as well as consent from Petitioner to search his home, vehicle, and locker at the Naval Reserve Center. They also obtained Petitioner's *Mirandized* confession to having downloaded child pornography at work and at home.

Accordingly, because the warrantless search of the diskette falls under the *O'Connor* reasonableness exception, Petitioner's attorney was not constitutionally deficient for his failure to challenge the admission of the pictures obtained from the diskettes on the basis that they were obtained without a search warrant. Even if counsel refused to raise this challenge, as Petitioner vigorously contends, counsel is not ineffective for failing to raise a meritless claim. *See Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) (citing *Cooper v. Fitzharris*, 551 F.2d 1162, 1166 (9th Cir. 1977)).

**III. Ground II Objections**

In his Ground II claim, Petitioner argues that under 40 U.S.C. § 255 the state court lacked jurisdiction to prosecute him for conduct that occurred on land over which the federal government exercised exclusive jurisdiction because much of the pornography was found at the Reserve Naval Center. (Dkt. # 1 at 8.) On the premise that the state courts lacked jurisdiction, he also asserts that his conviction violates the Fifth, Sixth, and Fourteenth Amendments. (*Id.*) With respect to Ground II, Petitioner objects to the R & R's determination that his Sixth and Fourteenth Amendment claims are procedurally barred due to Petitioner's failure to fairly present his claims in state court. (Objection # 6). (Dkt. # 36 at 21.) Petitioner then objects to Judge Estrada's recommendation that the Court dismiss Petitioner's 40 U.S.C. § 255 claim on the merits (Objection # 7). (*Id.*)

**A. Sixth and Fourteenth Amendment Claim**

The Court agrees that Petitioner's Sixth and Fourteenth Amendment claims under Ground II are procedurally barred because Petitioner failed to fairly present these claims in state court and is prohibited from doing so now. (*See* Dkt. # 33 at 33.) A "federal habeas petitioner" is required "to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citing *Picard v. Connor*, 404 U.S. 270, 276–77 (1971)). "It is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." *Id.* (internal quotations and citations omitted); *see also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) ("If a

petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

Although Petitioner indicates that he provided the factual basis for these claims and raised similar state-law claims in Arizona state court, this is not enough to preserve his claims for federal habeas review. Petitioner seems to acknowledge that he failed to present any federal basis for his claims in state court; nonetheless, he argues that it is "common knowledge" that his state-law due process claim inherently included a Fourteenth Amendment due process claim. (Dkt. # 36 at 21.) This assertion, however, is incorrect. Arizona Courts have explicitly provided that the Arizona due process clause and the federal due process clause are not "coterminous." *See State v. Farley*, 199 Ariz. 542, 545, 19 P.3d 1258, 1261 (Ct. App. 2001) (citing *State v. Youngblood*, 173 Ariz. 502, 508, 844 P.2d 1152, 1158 (1993) (Feldman, J. concurring in part and dissenting in part)). And while the state due process clause and the federal due process clause may provide similar protections, such similarities are not sufficient to apprise the state courts that Petitioner was raising a federal claim, rather than a state claim. *See Johnson*, 88 F.3d at 830.

Having determined that Petitioner's claim is barred, Judge Estrada then determined that Petitioner's claim of ineffective assistance of counsel fails to demonstrate sufficient cause to excuse the default. (Dkt. # 33 at 35.) Petitioner does not object to this finding. Instead, he argues that his failure to raise his federal claims was due to a deficiency in the forms provided to prisoners seeking post-conviction relief. (Dkt. # 36 at 21.) Here, he argues that the Arizona form for post-conviction relief specifically indicates that citations to relevant legal authority are not necessary to raise an issue for state post-conviction review. He argues that this state form is deceptive because prisoners only assert the factual basis for their claims without citing relevant legal authority. In turn, when those prisoners attempt to raise their claims before a federal habeas court, their claims may be barred because the prisoners failed to adequately present the federal basis for their claims in state court.

This argument, however, is insufficient to demonstrate cause excusing Petitioner's procedural default. Although Arizona may not require prisoners to plead their claims with the same particularity required in federal habeas proceedings, if anything, the Arizona standard is less stringent and more generous to prisoners. The Court is unaware of, and the Petitioner does not cite, any obligation on the part of the state to ensure that prisoners present their claims during a post-conviction relief proceeding in a manner that guarantees the claims are preserved for federal habeas review.

**B. 40 U.S.C. § 255 Claim**

Next, Petitioner objects to Judge Estrada's determination that his 40 U.S.C. § 255 claim is without merit. At the time of Petitioner's conviction, 40 U.S.C. § 255 provided that it shall be presumed that the federal government does not have exclusive jurisdiction over conduct that occurs on federal property unless the federal government "has accepted jurisdiction" over that property.[4] As discussed more thoroughly in the R & R, the state courts determined that the federal government has not accepted exclusive jurisdiction over the Naval Reserve Center. (*See* Dkt. # 33 at 36–42.)

Here, Petitioner fails to show that the state court's ruling on the issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2); *see also Taylor*, 366 F.3d at 999 (internal citation omitted). In his habeas claim, Petitioner brings forth evidence that the United States government acquired a parcel of land in the Phoenix area in the 1940s for "military purposes." (Dkt. # 1, Ex. 12). Petitioner, however, has failed to provide any evidence indicating that the parcel of land is the same as the Naval Reserve Center. And, even if the parcel does refer to the Naval Reserve Center, there is no indication that the federal government accepted exclusive jurisdiction over that property in accordance with 40 U.S.C. § 255.

---

[4] Since Petitioner's conviction, the pertinent provisions of 40 U.S.C. § 255 have been recodified to 40 U.S.C. §§ 3111, 3112. The exact provisions of the statute are provided in the R & R.

**IV. Ground III Objections**

Petitioner next objects to Judge Estrada's determination that his Ground III claim is without merit. In Ground III, Petitioner alleges that his free speech and due process rights were violated because the government did not prove beyond a reasonable doubt that the "alleged images of child pornography depict an actual child." (Dkt. # 1 at 10.) While the Petitioner appears to accept Judge Estrada's determination that his First Amendment Claim is procedurally barred, Petitioner presents three objections regarding this due process claim.

**A. Defective Jury Instruction**

First, Petitioner objects to the R & R's determination that the Arizona Court of Appeals provided the "last reasoned decision on [Petitioner's] Ground III claim" (Objection # 8). (Dkt. # 36 at 27.) Here, Petitioner argues that the Court should not give any deference to the state court's legal and factual findings because both the Arizona Courts and Judge Estrada misconstrue his Ground III claim as an "insufficient evidence claim." (Dkt. # 36 at 28.) Instead, Petitioner argues that his Ground III claim "was and always has been" that his conviction is a result of a "defective jury instruction."

Judge Estrada, however, did not err by addressing Petitioner's Ground III claim as an claim challenging the sufficiency of the evidence at trial. (Dkt. # 33 at 46.) In his Ground III claim, Petitioner specifically argued that his conviction violated due process because the "government" was not required to "prove beyond a reasonable doubt all elements of [the] charged offence (sic)." (Dkt. # 1 at 10.) In this claim, he further argued, "At trial the state made no offer of proof, advanced no claim (other than the actual charge), and no witness for the prosecution offered any testimony that the image depicted actual children." (*Id.*) These arguments are a direct challenge to the sufficiency of the evidence. And, as Judge Estrada and the Arizona courts determined, the evidence presented at trial, including expert testimony that the images portrayed actual children under the age of fifteen, was sufficient for a "rational trier of fact" to find "the essential elements of [Petitioner's] crime beyond a reasonable doubt." *See Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005).

Nevertheless, to the extent that Petitioner's Ground III can be interpreted as a claim that he was subjected to a defective jury instruction, this claim is not proper on federal habeas review because the claim arises under Arizona state law rather than federal law. "Claims that merely challenge the correctness of jury instructions under state law cannot reasonably be construed to allege a deprivation of federal rights." *Van Pilon v. Reed*, 799 F.2d 1332, 1342 (9th Cir. 1986) (citation omitted). To merit federal habeas relief when an allegedly erroneous jury instruction is given, or an instruction is omitted, a petitioner must show that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 71–72 (1991). Here, Petitioner argues the jury instruction was improper under *State v. Hazlett*, 205 Ariz. 523, 531, 73 P. 3d 1258, 1266 (Ct. App. 2003) (holding that Arizona's child pornography law is "construed as requiring that the material prohibited . . . depict an 'actual child'" and that "the jury must be instructed" on this construction). Because the jury instruction mandated by *Hazlett* arises under Arizona state law, the trial court's failure to impose the instruction did not deprive petitioner of his federal rights.

Yet, even if Petitioner's defective jury instruction claim does somehow implicate federal law, the claim is without merit. Petitioner alleges that the jury instruction in his case was defective because the instruction did not specifically require the jury to find that the images on the diskettes were *actual children* as opposed to *virtual children* or *young-looking adults*. (*See* Dkt. # 36 at 35.) The jury instruction at issue provided:

> A person commits sexual exploitation of a minor by knowingly distributing, transporting, exhibiting, receiving, selling, purchasing, electronically transmitting, possessing, or exchanging any visual or print medium in which minors are engaged in exploitive exhibition or other sexual conduct.
>
> ***
>
> In this case, the definition of a minor is any child under the age of 15 years.

(Dkt. # 21, Ex. U at 14, 16.) Petitioner simply fails to demonstrate that this instruction itself so infected the entire trial that his resulting conviction violates due process. *See Estelle*, 502 U.S. at 71-72 (1991). The instruction mirrors Arizona Revised Statute § 13-3553, the

statutory provision under which Petitioner was convicted. All of the elements required to sustain a conviction under the statute are present in the instruction. Moreover, Arizona's model jury instructions, both at the time of trial and now, do not propose an instruction requiring a finding that the children depicted were "actual children." *Compare* Revised Arizona Jury Instructions (Criminal), at 358–71 (1989) *with* Revised Arizona Jury Instructions (Criminal), at 427–430 (3d ed. 2008).

The fact that the instruction specifically indicated that the "definition of a minor is any child under the age of 15 years" is also significant. (*See* Dkt. # 21, Ex. U at 14, 16.) No reasonable juror could have mistaken this instruction to encompass computer generated images or depictions of actual adults that look like young children. At trial, Petitioner never presented any colorable claim suggesting that the images depicted fictitious or virtual children; thus, the jurors were never in a position to mistakenly apply § 13-3553 to computer generated images of fictitious children. In addition, three years *after* Petitioner was convicted, the Supreme Court rejected the notion that a person cannot distinguish between computer generated pornographic images and images of real people. *See Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 254 ("If virtual images were identical to illegal child pornography, the illegal images would be driven from the market by the indistinguishable substitutes. Few pornographers would risk prosecution by abusing real children if fictional, computerized images would suffice."). Similarly, the instruction in this case required the jury to find that the children depicted were under the age of fifteen—a rational juror could not read the instruction to mean images of adults that merely look like they are under fifteen years old. Accordingly, Petitioner's defective jury instruction claim fails to establish a defect of constitutional magnitude.

### B. Petitioner's Failure to Argue that the Images Depicted Virtual Children

In determining that Petitioner's Ground III claim lacked merit, Judge Estrada observed that "Petitioner did not argue at trial" that the images depicted something other than "actual children." (Dkt. # 33 at 48.) Here, Petitioner objects to the R & R's reliance on Petitioner's failure to raise this argument at trial (objection #10). (Dkt. # 36 at 35.)

Judge Estrada's reliance on petitioner's failure to raise his argument in state court is not misplaced. Petitioner does not assert any facts suggesting that he did raise this claim at trial. Petitioner also fails to present any colorable argument suggesting that the images depicted fictitious persons or very young-looking adults. While Petitioner now avers that the images depicted persons with Turner's Syndrome,[5] he presents no facts or evidence to support this assertion. Regardless, the fact-finder inherently rejected the argument that the persons depicted younger-looking adults when it delivered a guilty verdict, supported by sufficient evidence, finding that Petitioner's images depicted minor children under the age of fifteen. (Dkt. # 21, Ex. U at 14, 16.)

**C. R & R's Reliance on State Court's Factual Determinations in Ground III**

Next, with respect to the R & R's Ground III findings, Petitioner objects to Judge Estrada's reliance on factual determinations made by the state courts that involve his Ground III claim. (Objection # 9). (*See* Dkt. # 36 at 29.) This claim, however, has been waived by Petitioner's failure to raise this issue in his Petition. *See Brown*, 279 F.3d at 744 (holding that district courts need not consider claims raised for the first time in an objection to a magistrate judge's findings and recommendation). Nevertheless, upon review of the state court's factual findings, the Court has determined that those findings are not constitutionally deficient. *Taylor*, 366 F.3d at 999 (holding that habeas court must give deference to the state court's factual findings unless those findings are unreasonable).

**V. Ground IV Objections**

---

[5]"Turner's Syndrome is a genetic condition that affects . . . women and girls. It results from a partially or completely missing sex chromosome, causing abnormalities such as short stature and reproductive difficulties." *McCarty v. Astrue*, 2008 WL 4922323 at *3 n. 7 (M.D. Pa. Nov. 13, 2008) (citation omitted). Complications from Turner's Syndrome often include the following symptoms: low hairline, webbed neck, and a shield-shaped chest with widely spaced nipples. Encyclopedia Britannica, Turner's Syndrome, http://www.britannica.com/EBchecked/topic/610330/Turner-syndrome (last visited Nov. 19, 2009).

In Ground IV, Petitioner argues that his "Fifth, Sixth, and Fourteenth Amendment due process rights" were violated because the state "repeated placed sexually explicit images of alleged child pornography on 'public display' . . . in the presence of the jury and members of the general public present as spectators . . . ." With respect to Ground IV, Petitioner objects to the R & R's determination that the claim is procedurally barred (Objection # 11). (Dkt. # 36 at 42.)

Again, the Court agrees with the determination that Petitioner has procedurally defaulted his Ground IV claim. Petitioner first raised this claim in his Petition for Post-Conviction Relief, which he filed pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. In denying post-conviction relief, the Arizona courts determined that Petitioner "could have raised this issue on appeal, but failed to do so." (Dkt. # 21, Ex. EEE p. 5.) The state trial court then added that Petitioner "is precluded from seeking post-conviction relief on grounds that could have been raised and adjudicated on appeal." (*Id.*) Petitioner does not dispute that he failed to raise this ground on appeal. Nevertheless, he asserts that the procedural bar should not apply for two reasons: (1) the state procedural rule is inadequate, and (2) his failure to raise the issue on appeal was caused by ineffective assistance of counsel. (Dkt. # 36 at 42–47.)

Contrary to Petitioner's averment in his Objections, the Court finds that the state's procedural bar "constitute[s] an adequate and independent state procedural ground sufficient to support . . . a finding of procedural default." *See Scott v. Schriro*, 567 F.3d 573, 580 (9th Cir. 2009) (citing *Lambright v. Stewart*, 241 F.3d 1201, 1203 (9th Cir. 2001)). To satisfy the adequate and independent standard, "a state rule must be *clear, consistently applied, and well-established* at the time of the petitioner's purported default." *Id.* With only a few exceptions, which are not applicable here, Rule 32.2(a) specifically precludes a defendant from obtaining relief in petition for post-conviction relief "based upon any ground . . . [r]aisable on direct appeal under Rule 31 or on post-trial motion under Rule 24." Ariz. R. Crim. P. 32.1(a). Here, the rule is neither confusing nor otherwise unclear, nothing suggests that the rule is applied inconsistently or ignored. It is also well established that Rule 32.1(a)

requires a petitioner to raise his or her claims on appeal before raising those claims in a Rule 32 proceeding. *See, e.g.*, *Woratzeck v. Lewis*, 863 F. Supp. 1079, 1095 (D. Ariz. 1994) (holding that Rule 32.1 is adequate to preclude on the merits review in habeas proceedings) (citing *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992)).

In addition, the Court rejects Petitioner's argument that his appellate counsel's ineffectiveness demonstrates sufficient cause to overcome the default. As discussed above, ineffective assistance of counsel only constitutes sufficient cause to excuse a default if the procedural default was a result of an "independent constitutional violation." *Cook*, 538 F.3d at 1028. As discussed with respect to Petitioner's Ground V(E) Objections below, counsel's failure to bring this claim on appeal did not constitute an independent violation of Petitioner's constitutional rights. (*See also* Dkt. # 33 at 51.)

**VI. Ground V Objections**

In Ground V, Petitioner offers several additional objections. He objects to Judge Estrada's summary of Petitioner's claims (Objection # 15). (Dkt. # 36 at 53.) He then asserts a general objection to Judge Estrada's determination that sub-parts (A), (B), (F), (G), (H), (I), (J), and portions of subpart (E) are procedurally barred. (*Id.*) Petitioner also objects to the determination that sub parts (C), (D), remaining parts of (E), and (H) fail on the merits (Objection # 14). (*Id.*)

**A. Objection to the Summary of Petitioner's Claims**

Petitioner first argues that Judge Estrada "modified" and "incorrectly summarized" his Ground V claims. (Dkt. # 36 at 53.) Petitioner avers that the R & R's "specific wording selectively omits" the substance of these claims. Absent from this objection, however, is any explanation of how Judge Estrada materially misconstrued Petitioner's claims, or which specific words or key phrases were omitted.

Without any additional explanation from the Petitioner, the Court can only compare the R & R's summary of Petitioner's claims with Petitioner's original articulation of those

claims to determine if there are any material differences or omissions. Having conducted

such a review, the Court surmises that Judge Estrada simply summarized portions of

Petitioner's Ground V claims to remove grammatical errors and improve readability. With

just one exception, there is no evidence that Judge Estrada's articulation of Petitioner's

claims somehow mischaracterizes the substance of these claims. In most instances, the R &

R's recitation of Petitioner's claims is a verbatim word for word quote. Even in those

instances where Judge Estrada paraphrased or restated Petitioner's claim using more concise

language, the R & R accurately captures the substantive arguments underlying Petitioner's

claims.

With respect to Petitioner's Ground V(C) claim, however, it appears that the R & R

may have misread Petitioner's claim. Petitioner's version of that claim is as follows:

> [Counsel] failed or refused to file motion to supress (sic) evidence obtained by military authorities during initial warrantless investigatory search of closed and labeled container, passing over clearly inadmissible evidence to attack admissability (sic) of evidence subsequently obtained during [a] search of Petitioners (sic) private residence by state authorities nearly fourteen (14) hours later.

(Dkt. # 1 at 8.) Judge Estrada, however, articulated this claim as,

> [Counsel] failed to file a motion to suppress evidence obtained by military authorities during the "initial warrantless investigatory search . . . ."

(Dkt. # 33 at 52.) The R & R's articulation, and subsequent analysis, of this claim indicates

that Judge Estrada understood Petitioner to be challenging counsel's failure to seek

suppression of evidence from Petitioner's residence. A close reading of this claim, however,

indicates that Petitioner does not challenge counsel's failure to suppress evidence from

Petitioner's home. Instead, Petitioner appears to argue that his trial counsel rendered

ineffective assistance because she chose to challenge evidence obtained from Petitioner's

home *rather* than challenge the admissibility of evidence obtained from the Naval Reserve

Center. Nevertheless, to the extent that the R & R misunderstood this claim, it has no effect

on the outcome of this case because Petitioner's Ground V(C) claim, when read properly, is

simply a restatement of the claim that the Court and the R & R reject in Ground I. (*See* Dkt.

# 1 at 5; Dkt. # 33 at 23–30.)

**B. Procedural Bar Objections**

The Court also finds that the R & R correctly determined that Petitioner's claims in sub-parts (A), (B), (F), (G), (H), (I), (J), and portions of subpart (E) are procedurally barred. In his Objections, Petitioner asserts without citation to the record that these claims are not barred because he raised them in the state courts. Upon review of the R & R and of the record, the Court finds that Petitioner failed to properly raise any of these claims prior to the instant Habeas Petition. Accordingly, for the same reasons discussed at length in the R & R, the Court agrees that these claims are subject to AEDPA's procedural default.

**C. Objections to the R & R's findings on the Merits**

**(1) Ground V(C)**

Again, in Ground V(C) Petitioner argues that trial counsel was ineffective because she failed to challenged the admissibility of evidence seized from Petitioner's government workplace. With respect to Ground V(C), Petitioner objects to Judge Estrada's determination that this claim does nothing more than extend Petitioner's Ground I claim to include counsel's failure "to move to suppress evidence seized at Petitioner's residence" (Objection # 16). (Dkt. ## 33 at 57; 36 at 56.)

As discussed above, Petitioner may be correct that Judge Estrada misread this claim. Here, it appears that Petitioner is not arguing that trial counsel was ineffective for her failure to challenge the evidence obtained from Petitioner's home. Instead, Petitioner alleges that counsel was ineffective because she challenged the admissibility of evidence obtained during the search of Petitioner's home *rather* than evidence obtained from Petitioner's office at the Naval Reserve Center. Here, however, it is unclear how this claim of ineffective assistance of counsel somehow differs from Petitioner's Ground I claim wherein he argues that the evidence obtained from his workplace should have been suppressed and further argued that counsel was ineffective for failing to challenge the admission of that evidence. (*See* Dkt. # 1 at 5; Dkt. # 33 at 23–30.) Accordingly, for the same reasons that Judge Estrada and the Court in this Order reject Petitioner's Ground I claim, the Court further rejects Petitioner's identical Ground V(C) claim.

With respect to Ground V(C), Petitioner also objects to the R & R's determination that a search warrant had been issued (Objection # 17). (Dkt. # 36 at 58). In the R & R, Judge Estrada relied on state factual findings indicating that a warrant had been issued. (*See* Dkt. # 33 at 17.) The state court's findings with respect to the issuance of a warrant are neither wrong nor unreasonable. *See Taylor v. Maddox*, 366 at 999. Petitioner points to nothing in the record to indicate that the state court failed to obtain a warrant to search his home and workplace. In fact, in his Objections, Petitioner admits that a warrant was obtained. (*See* Dkt. # 36 at 18.)

### **(2) Ground V(D)**

In Ground V(D), Petitioner argues that his trial counsel was ineffective because his attorney

> failed or refused to learn or develop facts and to familiarize herself with specific laws and [the] constitutional definition of child pornography, then offered [a] prejudicial, improper, and defective definition of a minor in child pornography case [that was] inclu[ded] in final jury instructions[,] which expanded [the] reach of statute and removed states (sic) burden of proof.

(Dkt. # 1 at 8.) Here, Judge Estrada found that counsel was not ineffective for failing to learn the intricacies of advanced computer imagery; Judge Estrada also determined that counsel's failure to object to the jury instructions did not constitute constitutional error. (Dkt. # 33 at 58–61.) Petitioner's objections refer only to Judge Estrada's determination that the counsel was not ineffective for failing to object to the jury instruction.

First, Petitioner "objects to the inference that his claim involved the term 'virtual'" (Objection # 18). (Dkt. # 36 at 59.) While Petitioner may not have explicitly used the term "virtual children" in his Petition or other filings, this objection is without merit because throughout his Petition and his Objections, Petitioner argues that the images depicted "fake" or persons that are "not real." (*See* Dkt. # 36 at 37.) The term "virtual" is a term of art in the context of pornographic images. *See Free Speech Coalition*, 535 U.S. at 254, Accordingly, "virtual" appears to be synonymous with Petitioner's argument.

Petitioner next objects to Judge Estrada's determination that "the state is not required to prove" that the pornographic images "depicted actual children" (Objection # 19) (Dkt. #

36 at 59.) Petitioner may be correct that Arizona's child pornography laws place an affirmative burden on the state to prove that images depict "actual children." Four years after Petitioner's conviction, the Arizona Court of Appeals held that Arizona's child pornography law is "construed as requiring that the material prohibited . . . depict an 'actual child.'" *Hazlett*, 205 Ariz. at 531, 73 P. 3d at 1266. The court further observed that "the jury must be instructed" on this construction. *Id.* Nevertheless, Petitioner's trial attorney was not ineffective in this case for failing to request a more specific instruction because the contested jury instruction made it clear that the jury could only reach a guilty verdict if it found the images depicted a "minor . . . child under the age of 15 years." (Dkt. # 21, Ex. U at 14, 16.) Under Arizona's model jury instructions, the jury instruction in Petitioner's case was sufficient to confine the meaning of "minor" to "actual children." *Compare* Revised Arizona Jury Instructions (Criminal), at 358–71 (1989) *with* Revised Arizona Jury Instructions (Criminal), at 427–430 (3d ed. 2008). While a more specific instruction may have been necessary if defendant argued to the jury that the images do not depict real children, Petitioner did not make that argument in this case.

Finally, Petitioner also objects to Judge Estrada's determination that "there was a statutory presumption that an actual child was depicted and [Petitioner] had an affirmative obligation to prove otherwise" (Objection # 20). (Dkt. # 36 at 60.) Contrary to Petitioner's objection, *Hazlett* does stand for the proposition that Arizona Revised Statute § 13-553 can only be interpreted as applying to actual children. *See* 205 Ariz. at 531, 73 P. 3d at 1266. The court in *Hazlett* so held to avoid an overbroad construction of § 13-3553. *See id.* Nevertheless, regardless of whether Petitioner had an affirmative obligation to prove that the images did not depict real children, counsel was not ineffective in this case for failing to request Petitioner's more specific jury instruction. The relevant inquiry here is not what trial counsel could have done, but whether the decisions made by counsel were reasonable at the time of Petitioner's trial. *Babbit v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). Because Petitioner never argued during his trial that the images depicted fictitious or computer generated children and given that trial counsel followed Arizona's model jury instructions,

the Court agrees with the R & R's determination that the decisions from trial counsel's perspective at the time of trial were reasonable under *Strickland*, 466 U.S. at 689. (Dkt. # 36 at 61).

### (3) Ground V(E)

In his Ground V(E), Petitioner avers that his trial attorney was ineffective because she failed to raise proper objections to the state's display of Petitioner's pornographic images during trial. Petitioner argues that such display was in violation of Arizona law, which prohibits placing explicit sexual material on public display. *See* A.R.S. § 13-3507. Petitioner further notes that there is no explicit exception under the statute for a display of such material during his trial. With respect to Petitioner's Ground V(E) claim, the Court agrees with Judge Estrada's determination that this ineffective assistance of counsel claim is meritless. (*See* Dkt. # 33 at 62–65.)

Here, Judge Estrada determined that counsel specifically argued against the state's display of Petitioner's child pornography at trial on the same basis now articulated by the Petitioner. (Dkt. # 33 at 64.) Petitioner, however, objects to Judge Estrada's finding that Petitioner "only takes issue" with the manner in which trial counsel articulated Petitioner's argument (Objection # 13). (Dkt. # 36 at 52.) In his Objections, Petitioner avers that counsel failed to argue that the images could not be used in the prosecution's case. The record, however, reflects that trial counsel did object to the State's use of the images as illegal:

> [Defense Counsel]: I am asking the Court to preclude [Petitioner's pornographic images] because state law prohibits their display by anybody, and the law does not make an exception for prosecution or law enforcement purposes . . . .
>
> [The Trial Court]: . . . I don't think a court of law is covered [under that statute]. You would effectively prohibit any prosecution under that statute, and the Court does not find it applicable here. I'll overrule the objection on that basis as well.

(Dkt. # 21, Ex. F at 7–10.) Here, trial counsel inherently presented two basic arguments: (1) Petitioner's prosecution was prohibited under Arizona law, or (2) while the prosecution could go forward, the state could not use the images in their case against the Petitioner. (*See id.*) These are the precise arguments that Petitioner avers counsel failed to make. While the Court

ultimately disagreed with counsel's objection and determined that the Prosecution could use Petitioner's images in its case, it cannot be said that counsel's actions with regard to this issue fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 689.

Finally, in finding Petitioner's Ground V(E) claim to be without merit, the R & R also observed that the underlying objection to these images was without merit because jurors are not members of the general public. (Dkt. # 33 at 65.) Petitioner objects to this observation (Objection # 12). (Dkt. # 36 at 48.) The court, however, need not decide whether jurors are members of the general public[6] to resolve Petitioner's ineffective assistance of counsel claim. It is enough that counsel made the precise argument at trial that Petitioner claims counsel failed to make; thus, counsel's conduct was not constitutionally unreasonable under *Strickland*. *See* 466 at 689.

### (4) Ground V(H) Objection

Although Judge Estrada determined that Petitioner's Ground V(H) claim was procedurally barred, the R & R also rejected this claim on the merits. Petitioner also generally objects to the determination that this claim is meritless. In Ground V(H), Petitioner asserts that his trial counsel was ineffective because his attorney

> failed or refused to conduct proper and timely investigation to obtain supporting and applicable evidence, and advanced deliberately, knowingly, and intentionally false, misleading, and prejudicial claims in lack of jurisdiction issue in claiming navy reserve center property site purchased in 1956, that "proof" of this purchase date existed in state records, and failing to obtain or discover actual purchase date in 1945, that notice of acceptance of exclusive jurisdiction had been submitted, and Attorney General's opinion # 51–330 supported arguments on the motion to dismiss.

(Dkt. # 1 at 8 (all grammatical and spelling errors from the original).) Petitioner provides no reason or explanation as to why the Court should reject or reconsider the R & R's analysis. Nevertheless, applying *de novo* review, the Court agrees that this claim is without merit for

---

[6]At least one state court has specifically held that jurors are not members of the general public when they are begin service on the jury. *See State v. Vega*, 184 P.3d 677, 678 (Wash. App. 2008) ("[J]urors become officers of the court when sworn to serve and are not members of the general public.").

the same reasons as the R & R. Petitioner has failed to establish that there is a reasonable probability that but for counsel's alleged unprofessional error, the trial court would have ruled differently on this issue of jurisdiction. *See Strickland*, 466 U.S. at 697–700.

**VII. Ground VI Objections**

In Ground VI, Petitioner raises several additional arguments that his appellate counsel was ineffective. With respect to Ground VI, Petitioner first objects to Judge Estrada's determination that his claims are procedurally barred (Objection # 21). (Dkt. # 36 at 61.) In applying the procedural bar, Judge Estrada noted that Petitioner did not raise his claims in a procedural context in which the merits of those claims would have been considered by the trial court. (Dkt. # 33 at 69.)

As discussed in the R & R, Petitioner failed to properly raise his Ground VI claims in his post-conviction relief proceeding. Rather than develop the legal and factual basis for these claims in his opening brief to those proceedings, Petitioner waited until his reply brief to raise these claims. Under Arizona law, "opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised." *State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989). Accordingly, an Arizona petitioner cannot use a reply brief to raise or add arguments that were not addressed in the opening brief or the government's response. *See State v. Kiles*, 222 Ariz. 25, 32, 213 P.3d 174, 181 n. 8 (2009) (citing *Carver*, 160 Ariz. at 175, 771 P.2d at 1390); *see also* Ariz. R. Crim. P. 32.9(c) ("The reply shall be limited to matters addressed in the response . . . .").

Hence, because Petitioner first raised his claims of ineffective assistance of counsel in his reply brief, he failed to present his claims "in a procedural context in which [the] merits" of those claims could be considered. *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). If a petitioner could raise an argument for the first time in a reply, this would deprive the state of the opportunity to respond to the petitioner's claims. *See id.* Thus, while Petitioner technically asserted his claims to the state courts, these claims are barred because Petitioner failed to follow Arizona's procedural rule requiring him to raise his arguments in his opening brief rather than his reply. *See, e.g.*, *Ylst v*, 501 U.S. at 802 (holding that habeas

claims are procedurally barred when a state court refuses to address the merits of the claim due to petitioner's failure to follow a state procedural rule).

Moreover, the Arizona procedural rule requiring an argument to be asserted in the petitioner's opening brief "constitute[s] an adequate and independent state procedural ground sufficient to support . . . a finding of procedural default." *See Scott*, 567 F.3d at 580 (citing *Lambright*, 241 F.3d at 1203). To satisfy the adequate and independent standard, "a state rule must be *clear, consistently applied, and well-established* at the time of the petitioner's purported default." *Id.* Here, the rule is neither confusing or somehow unclear, and there is nothing to suggest that the rule is inconsistently applied or ignored. *See Kiles*, 222 Ariz. at 32, 213 P.3d at 181 n. 8 (2009) (citing *Carver*, 160 Ariz. at 175, 771 P.2d at 1390)). Furthermore, it is well established under Arizona law that a petitioner or appellant must raise the basis for his or her claims in an opening brief to avoid waiver of those arguments.[7] *See id.* Thus, this rule was clear, consistently applied, and well-established at the time of Petitioner's Rule 32 Proceedings. *See id.*

Judge Estrada also correctly determined that Petitioner fails to overcome the procedural bar. (Dkt. # 33 at 69.) In fact, Petitioner does not raise any objection to Judge Estrada's determination that Petitioner has not demonstrated cause to overcome the procedural bar. And, upon review of the briefs and the record, the Court finds that none of Petitioner's other arguments or objections demonstrate sufficient cause to overcome the default with respect to Ground VI.

Petitioner offers three more objections to Judge Estrada's determination that Ground VI sub parts (C), (D), (E), and (F) would fail on the merits even if they were not procedurally barred (Objection # 22). (Dkt. # 36 at 61.) In his penultimate objection, Petitioner asserts that Judge Estrada incorrectly determined that Petitioner's "insufficient evidence argument" was the same as Petitioner's "defective jury instruction claim" (Objection # 23). (Dkt. # 36 at 61.)

---

[7]Petitioner could have sought leave to amend his PCR Petition to add his new claims but did not do so. *See* A.R.S. § 13-4236.

In his final objection, Petitioner objects to Judge Estrada's "conclusion [that Arizona's] denial of [Petitioner's] ineffective assistance of counsel claim was not contrary to, nor [an] unreasonable application of clearly established federal law" (Objection # 24). (*Id.* at 62.) As discussed above, each of Petitioner's Ground VI claims are procedurally barred; therefore, the Court need not reach these objections. Nevertheless, upon review of Petitioner's arguments and objections, the Court has determined that the R & R correctly found these claims to be meritless.

### CONCLUSION

For the foregoing reasons the Court denies the Petition for Writ of Habeas Corpus and rejects Petitioner's Objections to Judge Estrada's R & R.

/ / /

**IT IS HEREBY ORDERED:**

(1) Judge Estrada's R & R (Dkt. # 33) is **ACCEPTED** as set forth in this Order.

(2) Petitioner's Petition for Writ fo Habeas Corpus (Dkt. # 1) is **DENIED**.

(3) The Clerk fo Court shall **TERMINATE** this action.

DATED this 30th day of November, 2009.

G. Murray Snow
United States District Judge